IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES W. SLIGAR,<br>   *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | Civil Action No. |
| MAVENIR SYSTEMS NORTH AMERICA, LLC, MAVENIR SYSTEMS, INC., f/k/a MITEL MOBILITY, INC., MITEL (DELAWARE), INC., and whatever entity that at any time from February 1, 2016 through May 17, 2018 operated any business at 1700 International Parkway, Richardson, Dallas County, Texas 75081,<br>   *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**COMPLAINT**

Plaintiff James W. Sligar brings this action against the above-referenced Defendants. As shown below, these Defendants violated federal law – specifically, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

**Nature of the Case**

1. Sligar contends that Defendants failed to pay him overtime in violation of the FLSA. 29 U.S.C. § 207(a)(1).

2. Sligar also contends that Defendants have not, and cannot, meet their burden under section 13(a)(1) of the FLSA, 29 U.SC. § 213(a)(1), (17) of showing that during his employment, Sligar occupied a "bona fide executive, administrative, or professional" employment position.

**Parties**

3. Plaintiff James W. Sligar is an individual who was employed by Defendants within

the meaning of the FLSA.

  A. Sligar currently resides in Collin County, Texas, and he resided in Collin County at all times in 2015, 2016, 2017, and 2018.

  B. Sligar hereby consents to be a party to this action, and his consent form is attached as **Exhibit A** to this pleading.

  4. Defendant **Mavenir Systems North America, LLC** is a corporation that was organized pursuant to the laws of the State of Delaware. This Defendant may be served with process by serving its **registered agent**, which is **CT Corporation System**, located at **1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

  A. This Defendant's principal office in Texas is located at 1700 International Parkway, Richardson, Dallas County, Texas 75081-1840.

  B. As of the filing of this pleading, this Defendant is no longer authorized to do business in Texas.

  5. Defendant **Mavenir Systems, Inc., f/k/a Mitel Mobility, Inc**., is a corporation that was organized in and exists under the laws of the State of Delaware. It is authorized to do business in the State of Texas. This defendant may be served with process by serving its **registered agent**, which is **CT Corporation System**, located at **1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

  A. This Defendant's principal office in Texas is located at 1700 International Parkway, Suite 200, Richardson, Dallas County, Texas 75081-1840.

  6. Defendant **Mitel (Delaware), Inc**. is a corporation that was organized in and exists under the laws of the State of Delaware. According to the Texas Secretary of State, this Defendant is "no longer registered" and no longer has a registered agent listed with the Secretary of State. Accordingly, service may be accomplished by following Texas state law for serving a summons

in an action brought in courts of general jurisdiction of the State of Texas. FED. R. CIV. P. 4(e)(1).

  A. According to Texas state law, the Texas Secretary of State is the agent for service of process of a nonresident who engages in business in Texas, but who has not designated or maintained a resident agent for service of process. TEX. CIV. PRAC. & REM. CODE § 17.044(a)(1). Accordingly, service upon this Defendant may be made by personal delivery of a copy of the process to the Texas Secretary of State or an employee in his office.

  B. Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045(a), Sligar serves the Texas Secretary of State with duplicate copies of process. The full name and address of the home office of this Defendant is as follows: **Mitel (Delaware), Inc., 1146 North Alma School Road, Mesa, AZ  85201**.

  C. Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045(b), the person in charge of this Defendant's business or, alternatively, a corporate officer of this Defendant, is **Mr. John L. Gardner, Senior Vice President, Assistant Secretary and General Counsel**. Sligar requests that the Texas Secretary of State immediately send to him the copy of process by registered mail or certified mail, return receipt requested. *Id.* at § 17.045(d).

**Jurisdiction**

7. This Court has original, subject-matter jurisdiction to adjudicate the merits of Sligar's FLSA overtime claim because the claim presents a federal question. *See* 28 U.S.C. §§ 1331 & 1343.

8. This Court has *in personam* jurisdiction over all Defendants, as follows:

  A. *Mavenir Systems North America, LLC.* This Defendant has an office in Texas. It is located at 1700 International Parkway, Suite 200, Richardson, Dallas County, Texas 75081-1840. In Year 2018, the Texas Workforce Commission identified this Defendant as Sligar's

employer for purposes of unemployment benefits.

B.   *Mavenir Systems, Inc., f/k/a Mitel Mobility, Inc.* This entity is authorized to conduct business in the State of Texas. This Defendant has an office in Texas. It is located at 1700 International Parkway, Suite 200, Richardson, Dallas County, Texas 75081-1840.

(i)   In Year 2016, Mavenir Systems, Inc. prepared, or caused to be prepared, an IRS Form W-2 for Year 2015 which identified Sligar as its "employee."

(ii)   In Year 2018, Mavenir Systems, Inc. prepared, or caused to be prepared, an IRS Form W-2 for Year 2017 which identified Sligar as its "employee."

(iii)   In Year 2019, Mavenir Systems, Inc. prepared, or caused to be prepared, an IRS Form W-2 for Year 2018 which identified Sligar as its "employee."

C.   *Mitel (Delaware), Inc*. In Year 2017, this Defendant prepared, or caused to be prepared, an IRS Form W-2 for Year 2016 which identified Sligar as its "employee."

(i)   *Specific Jurisdiction.* During at least some of the time of the events forming the basis of this action, this Defendant's contacts with Texas were purposeful, and Sligar's FLSA overtime claim relates to those contacts.

(ii)   *General jurisdiction.* During at least some of the time of the events forming the basis of this action, this Defendant had continuous and systematic contacts with Texas.

## Venue

9.   Venue is proper in this judicial district and division. That is because a substantial part of the events or omissions giving rise to Sligar's FLSA overtime claim occurred here. *See* 28 U.S.C. §1391(b)(1), (2).

## FLSA Coverage

10.   At all times hereinafter mentioned, all Defendants have been considered an

"employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times hereinafter mentioned, all Defendants have been considered an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.     At all times hereinafter mentioned, all Defendants have been considered an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. In addition, said enterprise has had an annual gross volume of sales made, or business done, of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

13.     At all times hereinafter mentioned, Sligar was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

14.     Sligar was employed by Defendants within the applicable statute of limitations.

### Material Facts

15.     During the last three years of Sligar's employment with Defendants, Sligar worked at 1700 International Parkway in Richardson, Dallas County, Texas – first, as a "Materials Manager," then as an "Operations Manager."

16.     During the last three years of Sligar's employment with Defendants, and as a matter of economic reality, Sligar was economically dependent upon Defendants in light of (i) the degree of control exercised by the Defendants over Sligar; (ii) the extent of the relative investments of Sligar and Defendants; (iii) the degree to which Sligar's opportunity for profit and loss was

determined by the Defendants; (iv) the skill and initiative required by Sligar in performing his job; and (v) the permanency of the relationship between Sligar and Defendants.

17. During the last three years of Sligar's employment with Defendants, Sligar was an "employee engaged 'in the production of goods for commerce' ('individual coverage')." 29 U.S.C. § 207(a).

18. During the last three years of Sligar's employment with Defendants, Sligar was "employed in an enterprise engaged in commerce or in the production of goods for commerce ('enterprise coverage')." 29 U.S.C. § 207(a).

19. During the last three years of Sligar's employment with Defendants, Defendants paid Sligar on a "salary basis," as that phrase is defined in 29 C.F.R. § 541.602(a).

20. During the last three years of Sligar's employment with Defendants, there was more than one occasion when Defendants had Sligar work "in excess of forty hours in a[] given workweek." 29 U.S.C. § 207(a)(1).

21. On May 17, 2018, Defendants informed Sligar that he was discharged, effective immediately.

### Count One -- Violation of FLSA; Failure to Pay Overtime

22. Sligar re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 21.

23. Sligar brings this claim against all Defendants.

24. Defendants violated the FLSA – specifically, the overtime provision found in 29 U.S.C. § 207(a)(1). During the relevant period, Defendants were aware that they were required under the FLSA to pay Sligar overtime for hours worked by him over 40 hours per workweek. However, Defendants willfully, and not in good faith, ignored the law. Instead, Defendants

knowingly, willfully, and with reckless disregard, carried out its illegal pattern or practice of failing to pay Sligar overtime wages. This violates the FLSA, including 29 U.S.C. § 207 and § 215(a)(2).

## Jury Demand

25. Sligar demands a jury on all issues so triable. *See* FED. R. CIV. P. 38.

## Prayer for Relief

WHEREFORE, Plaintiff James W. Sligar requests that all Defendants – Mavenir Systems North America, LLC, Mavenir Systems, Inc., f/k/a Mitel Mobility, Inc., Mitel (Delaware), Inc., and whatever entity that at any time from February 1, 2016 through May 17, 2018 operated any business at 1700 International Parkway, Richardson, Dallas County, Texas 75081 -- be cited to appear and answer, and that on final trial Sligar have judgment against all Defendants as follows:

A. For an order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Sligar, and for liquidated damages equal in amount to the unpaid compensation found due to Sligar;

B. For an order awarding Sligar his attorney fees and court costs;

C. For an order that Defendants take such other and further actions as may be necessary to redress Defendants' violations, including injunctive relief;

D. For an order awarding Sligar all pre-judgment and post-judgment interest at the maximum amount allowed by law; and,

E. An order awarding such other and further relief, both at law and in equity, to which Sligar may be justly entitled, and any other relief requested in this pleading.

Dated: February 1, 2018

Respectfully submitted,

By: _____
*s/ Wade A. Forsman*

**Wade A. Forsman**
State Bar No. 07264257
P.O. Box 918

        Sulphur Springs, TX 75483-0918
        903.689.4144 Telephone-East Texas
        972.499.4004 Telephone–Dallas/Fort Worth
        903.689.7001 Facsimile
        wade@forsmanlaw.com

        **Attorney for Plaintiff James W. Sligar**